By the Court. Oakley, Ch. J.
The indorsement on the first draft, is certainly in a name different from that of the first indorsee, Harlan; and the inquiry is, were the defendants under the circumstances bound to refund the money which they received from the plaintiffs. They rely on two grounds to defeat a recovery.
First. They say they acted as agents merely in the transac-. tion, and transmitted the proceeds of the draft to their correspondent, in ignorance of the fact that the draft was not properly indorsed, and before they were called upon to refund.
How the law would be in this respect, if the fact of their agency had been known to the Merchants Bank when they paid the draft, we need not say. But their agency was not known. The defendants did not communicate it to the plaintiffs, and they not being apprised of any agency, dealt with the defendants as the owners of the draft, and may now treat them accordingly.
Second. It is contended that there was palpable negligence in the acceptance and payment of the draft by the bank, because it was manifest on inspection, that the indorsement was fictitious.
It is a general principle, undoubtedly, that where the drawee of a bill pays it negligently, and without proper precaution, he is remediless, if it turn out that the signature of the drawer, or of any indorsee, be forged. The drawee is bound to use reasonable diligence, or the consequences will fall upon him. The peculiar feature of this case is, that the defendants first acted on the faith of the genuineness of this indorsement, and gave the sanction of their own signature to the genuineness of all the indorsements previous to their own. It is contrary to reason and principle, that they who with better opportunity to know *436 the true state of the case, and who presented the draft for payment as being the rightful holders and authorized to receive it, should after its payment by the drawees, set up that the latter, because they paid under a defective authority, must lose the amount. The defendants either knew of the defect, and are thus responsible for the fraud; or they were at least equally negligent with the plaintiffs. If we assume the latter ground, it is the ordinary case of mutual ignorance of an important fact, which if it had been known to either of the parties, would have prevented the negotiation from going into effect. In such a case, either party may rescind, and thus the plaintiffs are entitled to recover.
This is in accordance with our decision in several cases recently. We hold it to be a principle of universal application, that where one presents a draft or check to a bank for payment, it is a representation of the genuineness of the signatures appearing upon it. And except where the drawer’s signature is forged, or there is some other peculiar reason for taking the case out of the rule, the party so presenting the draft will be held responsible to the drawee for the authenticity of such signatures.
Judgment for the plaintiffs.